The Honorable Steve Wilson, Director Arkansas Game and Fish Commission 2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Mr. Wilson:
This official Attorney General opinion is rendered in response to your recent questions regarding the effect of a county land use policy upon state and federal lands.[1] You have presented the following questions:
 (1) Does a county quorum court have the authority to approve, disapprove, or control use of state and federal lands within the county?
 (2) Does a county quorum court have the authority to mandate, control, or proscribe state and federal actions on state or federal lands within the county?
 (3) Does a county quorum court have the authority to mandate terms of land use, acquisition, and disposal by state and federal authorities within the county?
RESPONSE
Before proceeding to respond to your questions, I must note that although you have enclosed a copy of the "land use plan" that is the subject of your concern, the questions that you have raised are general in nature, and therefore do not require a specific analysis of the land use plan. Accordingly, I will not engage in such an analysis, but rather, will present the general principles of law that will govern the issues you have presented, regardless of the particular factual application.
Question 1 — Does a county quorum court have the authority to approve,disapprove, or control use of state and federal lands within the county?
It is my opinion that a county quorum court has limited authority to regulate certain activities on state and federal lands within the county, provided that its regulations do not conflict with state or federal law — but that the county's regulation of such activities can be overridden by state or federal authorities. For this reason, the county does not have the final authority to approve, disapprove, or control the use of state and federal lands within the county.
The extent of the county's authority over the use of state and federal lands within the county will depend upon the particular use of the land that the county wishes to regulate. See Op. Att'y Gen. No. 96-294. Counties, acting through their quorum courts, have the authority to enact any legislation relating to "local affairs" that is not prohibited by or contrary to state law. Ark. Const., Am. 55; A.C.A. § 14-14-801; A.C.A. §14-14-501. Similarly, under the Supremacy Clause of the United States Constitution, U.S. Const., art. 6, § 2, the counties' regulations must also be compatible with any applicable federal laws or regulations.
No provision of state or federal law expressly operates to prohibit counties from enacting ordinances that would regulate the use of state or federal lands within the county. However, if the state or federal governments have acted with regard to the particular land use under consideration, the county, in addressing that land use, must act in a manner that is consistent with the state and federal acts. Moreover, in the event of a conflict between the county and the state regarding such land use, or between the county and the federal government regarding such land use, the state and federal governments will prevail over the county.
I must therefore conclude that while a county can formulate a land use plan with which the state and federal authorities may choose to comply, the county cannot require that state and federal authorities comply with its plan.
Question 2 — Does a county quorum court have the authority to mandate,control, or proscribe state and federal actions on state or federal landswithin the county?
It is my opinion, for the reasons set forth in response to Question 1, that although the county has limited authority to regulate the use of state and federal lands within the county, it does not have the final authority to do so, and its actions can be overridden by the state and federal authorities. The county therefore does not have the ultimate authority to mandate, control, or proscribe state and federal actions on state or federal lands within the county.
Question 3 — Does a county quorum court have the authority to mandateterms of land use, acquisition, and disposal by state and federalauthorities within the county?
It is my opinion, for the reasons set forth in response to Question 1, that the county does not possess the final authority to mandate the terms of land use, acquisition, and disposal by state and federal authorities within the county. Although the county can formulate a plan addressing land use, acquisition, and disposal, with which state and federal authorities may choose to comply, the county cannot mandate their compliance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] You have enclosed a copy of a land use plan formulated by Newton County, which purports to regulate federal and state land use within the county. The land use plan cites 42 U.S.C. § 4331 as the basis of its authority. I must point out that the provisions of 42 U.S.C. § 4331 do not provide a basis of authority for a county land use plan of this nature.